JAMES R. HODGES *vs.* ABBY W. POTTER *et als.*

A testator by the fourth clause of his will gave a life estate in his realty to his wife, and by the seventh, the remainder in fee to his son. The ninth clause was: "In case my said son P. should die before his mother, leaving no lawful issue of his body, then, and in that case, I hereby provide, and it is my will, that as soon as may be after the decease of my said wife, M., that the executor of this my last will shall cause the same to be carried into immediate effect." By the tenth and eleventh clauses a disposition of the realty was made, quite different from that contained in the fourth and seventh clauses.

It appearing from the whole will that the testator's object was, 1st, to provide for his widow and son; and 2d, to provide for the contingency of the son's dying without leaving issue and before the widow:

*Held,* that the tenth and eleventh clauses were to be construed as subordinate to the fourth and seventh.

*Held,* further, that so much of the ninth clause as follows the words "I hereby provide," was to be treated as a parenthesis, and that the will was to be construed as if the tenth and eleventh clauses immediately followed these words.

BILL of Interpleader.

Phinehas Potter died August 21, 1852, leaving a widow, Mehitable, and an only child, Phinehas. His will was duly proved and is as follows:

"I, PHINEHAS POTTER, of the city and county of Providence, and State of Rhode Island and Providence Plantations, do make, publish and declare this my last will and testament, in manner and form following, namely:

"1st. That all debts that I may owe at the time of my decease, and all my funeral expenses, be paid as soon after my decease as convenient, out of the first moneys that shall come into the hands of my executor, hereinafter named, received by him from the rents and profits of any portion of my estate, either real or personal.

"2d. I give and bequeath to my beloved wife, Mehitable Potter,

the household furniture, and all other articles of whatever description which belonged to her in her own right, and the same she brought with her into my family when she became my wife, to and for her own use, benefit and disposal forever.

"3d. I give and bequeath to my beloved wife, Mehitable Potter, the sum of four hundred dollars, to be paid her after my decease, by my said executor, and to be for her own use and benefit forever.

"4th. I give, devise, and bequeath to my said beloved wife, Mehitable Potter, for and during the term of her natural life, the use, improvement and income of all the real estate, together with all the buildings and improvements thereon, same belonging to me at the time of my decease, and it is my will that my executor to this will shall keep, or cause to be kept, the same in good repair, that the taxes assessed on said estate be punctually paid, also, all said buildings on said estate shall be kept regularly insured against fire risques, and all those charges of expenses to be paid from the rents, dividends, and profits accruing from the income of the estate.

"5th. I give and bequeath to my said beloved wife, Mehitable Potter, during the term of her natural life, the income, dividends, and profits of all the personal property I may have at the time of my decease, saving, reserving and excepting therefrom, all the stock I may hold in the capital stock of the Union Bank, in said city of Providence, the same standing in my name on their books; the income of which stock I give and bequeath to my son Phinehas Potter, Jr., during the life time of my wife, his mother. I also give and bequeath to my wife, Mehitable, the use of all my furniture, bedding and household utensils, the same as they may be at the time of my decease, my said wife having first taken all the articles of furniture, &c., the same which she brought into my family, agreeably to the second section of this my will.

"6th. In case it should so happen that the income accruing from the rents and profits of all the real and personal estate bequeathed to my said wife, Mehitable, during her natural life, shall prove insufficient for her comfortable support, in that case it is my will that my executor hereinafter named, shall at such time or times as he may deem proper and suitable, under the sanction of the judge of the Court of Probate, of said city of Providence, sell and dispose of as much personal property as they may think necessary for such purpose

" 7th. I give, devise and bequeath to my said son, Phinehas Potter, Jr., his heirs, executors, administrators, and assigns, forever, to his and their own use forever, all the real and personal estate that I may die possessed of, being the same estate I have given the use and income of to my said wife, Mehitable Potter, during her natural life, as is fully expressed in the fourth section of this, my last will and testament. The said Phinehas Potter, Jr., to take full possession of the same, on the decease of his mother, my said wife.

" 8th. In case my said son, Phinehas Potter, Jr., should die before his mother, leaving no lawful issue of his body, then and in that case, I hereby give and bequeath unto my beloved wife, Mehitable Potter, twenty shares of the capital stock in the Exchange Bank, in said city of Providence, the same standing in my name in their books, to have and to hold the same to her own use and benefit forever, and in case my said son, Phinehas Potter, Jr., should die previous to his wife, Helen Potter, and she be left a widow, without any issue from her marriage with my said son, then and in that case, I give and bequeath unto the said Helen, widow, as aforesaid, all the shares of the capital stock of the Union Bank, in said city of Providence, being the same shares I bequeathed to her husband, in the fifth section of this my said will, to have and to hold the same, for her own use, disposal of, and benefit forever. Furthermore, it is my will, provided my said son, Phinehas Potter, Jr., should die leaving no lawful issue of his body at his death, then and in that case, I give and bequeath after the decease of my said wife, Mehitable Potter, to the said Helen Potter, widow of said Phinehas, Jr., the shares I may own and die possessed of in the capital stock of the Roger Williams Bank, in said city of Providence.

" 9th. In case my said son, Phinehas Potter, Jr., should die before his mother, leaving no lawful issue of his body, then and in that case I hereby provide, and it is my will, that as soon as may be after the decease of my said wife, Mehitable Potter, that the executor of this, my last will, shall cause the same to be carried into immediate effect.

" 10th. I give, devise and bequeath to Joseph Potter, son of my late brother, William Potter, deceased, during the term of his natural life, the Mansion House, wherein I now reside, with the

whole of the enclosed lot appertaining to the same, wherein it now stands, together with all the improvements thereon, situate in said city of Providence, on the westerly side of the river, and bounded as follows, namely : Northerly on Broad Street, on which it fronts, easterly on land of Doctor Harris, southerly on land of William Gould, westerly on Potter Street, until it comes to the land of the heirs of the late William Potter, deceased. After the decease of the said Joseph Potter, I give, devise and bequeath the same estate with the Mansion House, and all its appurtenances, to the surviving child or children (as the case may be), of the said Joseph Potter, lawfully begotten of his body, and their heirs and assigns, in fee simple, to and for their own use forever.

" 11th. I give, devise and bequeath to John D. Potter, brother of the foregoing named Joseph Potter, during the term of his natural life, the use, improvements and income of a lot of land, situate in said Providence, on the westerly side of the river, and the same bounded on Pine and Potter Streets, part of said lot of land now under unexpired lease to George Beverly ; said lot fronts on Pine Street, and extends ninety feet deep. The rear or back part of said lot, is now, at the date of this will, under a parol lease to Nathan Mason, and after the decease of the said John D. Potter, I give, devise and bequeath the same estate and its appurtenances, to the surviving child or children (as the case may be), of the said John D. Potter, lawfully begotten of his body, and their heirs and assigns in fee simple, to and for their own use forever.

" Lastly, I hereby nominate and appoint Isaac Thurber, Esquire, of said city and county of Providence, sole executor of this my last will and testament, hereby revoking all other and former wills by me made, and establishing this and this only as my last will and testament.

{ L. S. } " In testimony whereof, I do hereunto set my hand and seal this fifteenth day of July, in the year of our Lord one thousand eight hundred and fifty.

" PHINEHAS POTTER.

" Signed, sealed, published and declared by the said Phinehas Potter, as and for his last will and testament, in our presence and hearing. In witness whereof, at his request, in his presence, and

in the presence of each other, we have hereunto subscribed our names as witnesses.

" CHARLES A. W. SNOW.

" CHARLES A. P. MASON.

" ISAAC A. HODGES."

November 21, 1871. Mehitable Potter, Phinehas Potter, Jr., Joseph Potter and his children, made a lease of the Mansion House estate described in clause ten of the above will, reserving a rent payable to Mehitable during her life, and after her death to the owners of the reversion of the premises.

Mehitable Potter died September 22, 1874. Phinehas Potter, Jr., died March 18, 1876, testate. His will gave one half of his estate to his wife, Harriet L., and the other half to the said Harriet L., in trust for the benefit of his two adopted daughters.

Joseph Potter died August 23, 1876, intestate.

The lessee paid his rent to Mehitable during her life, then to Phinehas, Jr., during his life, and then to Harriet L.

The Mansion House estate was, when leased, subject to a mortgage.

In January, 1878, the children and heirs of Joseph Potter notified the lessee that they claimed the Mansion House estate and were entitled to the rent under clause ten of the above will. When the next instalment of rent became due, the lessee, Hodges, filed this bill of interpleader against the heirs of Joseph Potter, Harriet L. Potter individually and as trustee and the mortgagee praying that they might be required to set forth and ascertain their respective claims.

*January* 27, 1879. DURFEE, C. J. We think the tenth and eleventh clauses of the will were intended to come into operation only in case the testator's son Phinehas should die in the life time of his mother, leaving no issue. The fourth clause gives the mother the real estate for life. The seventh clause gives it in remainder to the son in fee simple. The real estate would be absolutely disposed of by these provisions if there were no others. The will does contain other provisions relating to the real estate. They are contained in the ninth, tenth, and eleventh clauses. The ninth clause is as follows, to wit:

" In case my said son, Phinehas Potter, Jr., should die before his mother, leaving no lawful issue of his body, then and

in that case, I hereby provide, and it is my will, that as soon as may be after the decease of my said wife, Mehitable Potter, that the executor of this, my last will, shall cause the same to be carried into immediate effect."

The tenth and eleventh clauses contain no express reference to the preceding clauses, but devise the real estate absolutely to certain persons, and are entirely inconsistent with the fourth and seventh clauses unless they can be subordinated to them. We think they should and can easily be so subordinated. The ninth clause is apparently defective. It is, taken by itself, futile. We must look into its connections with other parts of the will to find its import. If we look at the will as a whole we find that the leading object of the testator was to provide for his widow and son. But subordinate to this object he appears to have had another, dependent on the contingency of the son's dying before his mother, leaving no issue, namely, in that event, to make provision for certain other persons out of property otherwise given absolutely to his son. This appears in the eighth clause in respect of certain personal property which in the event of the son's dying before his mother without leaving issue, is given over to the son's mother and wife. Then comes the ninth clause, which apparently contemplates a further development of the same design. It says, " in case my said son, Phinehas Potter, Jr., should die before his mother, leaving no lawful issue of his body, then and in that case, I hereby provide," but, instead of " providing," it breaks off with a digressive direction to the executor to carry his will into effect as soon as may be after the decease of his wife. Then follow the tenth and eleventh clauses which, taken independently, by themselves, are anomalous. But suppose we take them in connection with the ninth clause, then, the direction to the executor being regarded as a parenthesis which interrupts without permanently arresting the flow of testamentary thought, the tenth and eleventh clauses are brought into immediate connection with the words " I hereby provide," and constitute the provision which the testator intended, subject, however, to a qualification which the direction to the executor shows the testator had in mind, but which he did not express, namely, that the devises contained in the tenth and eleventh clauses are subject to the life estate of the widow. The will so

construed becomes consistent in all its parts. We think it should be so construed. It follows that the devisees under the tenth and eleventh clauses take nothing, inasmuch as the contingency on which these clauses were to become operative has never occurred; for the son, though he died without leaving issue, did not die before his mother. The testator seems to have intended that, if the son should survive the mother, the real estate should go to him untrammelled by any devises over.

Let the decree be entered in accordance with this opinion.

*Decree declaring that the tenth and eleventh clauses could take effect only if Phinehas, Jr., died in his mother's life time and without issue, that the contingency on which these clauses were to become operative never arose, and that Harriet L. Potter, individually and as trustee, is entitled to the rents and to the fund paid into the registry of the court.*

*Charles Hart & Walter R. Stiness*, for the complainant and the heirs of Joseph Potter.

*James Tillinghast & John F. Lonsdale*, for Harriet L. Potter.